**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **James Luna**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **CDL Mechanical LLC**, an Arizona limited liability company; and **Joshua Bartlett and Danielle Bartlett**, a married couple, also known as **Joshua Barlett and Danielle Barlett**, a married couple, | |
| Defendants. | |

Plaintiff, James Luna ("Plaintiff" or "James Luna"), sues the Defendants, CDL Mechanical LLC, and Joshua Bartlett and Danielle Bartlett also known as Joshua Barlett and Danielle Barlett (collectively, all Defendants are referred to as "Defendants" or "CDL Mechanical") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

-1-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

et seq., and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

6.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

-2-

1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

9.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

10.    At all material times, Defendant CDL Mechanical LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant CDL Mechanical LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

11.    Defendant CDL Mechanical LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12.    Under the FLSA, Defendant CDL Mechanical LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant CDL

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-3-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Mechanical LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to CDL Mechanical's employees, Defendant CDL Mechanical LLC is subject to liability under the FLSA.

13.    Defendants Joshua Bartlett and Danielle Bartlett are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Joshua Bartlett and Danielle Bartlett are owners of CDL Mechanical and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.    Under the FLSA, Defendants Joshua Bartlett and Danielle Bartlett are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Joshua Bartlett and Danielle Bartlett had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to CDL Mechanical's employees, Defendants Joshua Bartlett and Danielle Bartlett are subject to individual liability under the FLSA.

15.    On information and belief, Defendants Joshua Bartlett and Danielle Bartlett are also known as Joshua Barlett and Danielle Barlett.

-4-

16. For example, the Maricopa County Assessor lists the home owned by Defendants Joshua Bartlett and Danielle Bartlett as being owned by Joshua Barlett and Danielle Barlett.

17. Accordingly, Plaintiff realleges and incorporates by reference all allegations in all paragraphs in this Complaint against Joshua Barlett and Danielle Barlett.

18. Defendants Joshua Bartlett and Danielle Bartlett (aka Joshua Barlett and Danielle Barlett) are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Joshua Bartlett and Danielle Bartlett (aka Joshua Barlett and Danielle Barlett) are owners of CDL Mechanical and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

19. Under the FLSA, Defendants Joshua Bartlett and Danielle Bartlett (aka Joshua Barlett and Danielle Barlett) are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Joshua Bartlett and Danielle Bartlett (aka Joshua Barlett and Danielle Barlett) had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to CDL Mechanical's employees, Defendants Joshua Bartlett and

-5-

Danielle Bartlett (aka Joshua Barlett and Danielle Barlett) are subject to individual liability under the FLSA.

20.    Defendants, and each of them, are sued in both their individual and corporate capacities.

21.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

24.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

25.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

26.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

28.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-6-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

29. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

30. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

33. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

34. CDL Mechanical is an enterprise that is an HVAC company doing business in the Phoenix Metropolitan Area.

35. On approximately January 12, 2024, Plaintiff began working for Defendants as an installer.

36. At all relevant times, Plaintiff was compensated, or supposed to be compensated, on a piece rate basis based on assignment completed during his employment with Defendants.

37. Plaintiff worked three workweeks during his employment.

-7-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

38.    On Information and belief, Plaintiff's first workweek took place from approximately January 12, 2024, through approximately January 18, 2024.

39.    During Plaintiff's first workweek, he worked approximately 45 hours over five days–January 12 and 15-18, 2024.

40.    On Information and belief, Plaintiff's second workweek took place from approximately January 19, 2024, through approximately January 25, 2024.

41.    During Plaintiff's second workweek, he worked approximately 50 hours over five days–January 20, and 22-25, 2024.

42.    On Information and belief, Plaintiff's third workweek took place from approximately January 26, 2024, through approximately February 1, 2024, though Plaintiff's final day of work was January 27, 2024.

43.    During Plaintiff's third workweek, he worked approximately 20 hours over two days–January 26-27, 2024.

44.    On information and belief, Plaintiff worked a total of approximately 115 hours for Defendants in his three-workweek employment.

45.    Defendants sent Plaintiff an IRS Form W-2 for the work he performed for them in 2024.

46.    That IRS Form W-2 stated that Defendants paid him gross wages in 2024 of $917.35.

47.    At all relevant times, in 2024, the Arizona minimum hourly wage was $14.35.

-8-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

48.     However, at all relevant times, the piece-rate work Defendants paid Plaintiff resulted in an hourly rate of less than the applicable Arizona minimum wage.

49.     Accordingly, at all relevant times, Defendants paid Plaintiff a regular hourly rate of less than the applicable Arizona minimum wage.

50.     In addition, on information and belief, Defendants did not use a time clock or other, similar device to record the hours Plaintiff worked for Defendants.

51.     Instead, on information and belief, Defendants generally paid Plaintiff according only to the schedule they set for him to work.

52.     Such conduct on the part of Defendants resulted in Plaintiff working hours for Defendants for no wages at all, which, again, resulted in Plaintiff working hours for Defendants for which she did not receive even the applicable Arizona minimum wage.

53.     As a result of Defendants' failure to compensate Plaintiff at least the applicable statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

54.     At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

55.     Plaintiff worked for Defendants through approximately January 27, 2024.

56.     At all relevant times, Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

-9-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

57. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

58. At all relevant times, in his work for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

59. Throughout the duration of Plaintiff's employment, Defendants failed to compensate Plaintiff for any of his overtime hours.

60. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

61. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

62. Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

63. At all relevant times, Plaintiff was a non-exempt employee.

64. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

65. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

66. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

67.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

68.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     At all relevant times, Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

71.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

72.     As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

-11-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

73.    As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

74.    As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

75.    Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

76.    Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, James Luna, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     As a result of paying Plaintiff at a regular hourly rate of less than $14.35 in 2024, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

79.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

80.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, James Luna, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-13-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 26th day of February 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

-14-

## **VERIFICATION**

Plaintiff, James Luna, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.


James Luna (Feb 26, 2025 11:09 MST)

James Luna

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-15-